IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; and BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND<br><br>    Plaintiff,<br><br>    vs.<br><br>RIVER OAKS, INC. d/b/a RIVER OAKS TOYOTA/SCION, an Illinois Corporation; and ANTHONY CASSELLO, individually and in his Capacity as the Trustee of THE ANTHONY CASSELLO REVOCABLE TRUST,<br><br>    Defendants. | CASE NO. 13-CV-2063<br><br>MAGISTRATE JUDGE ARLANDER KEYS |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' motion for summary judgment [23-24]. For the reasons set forth below, Plaintiffs' motion for summary judgment is granted.

In this case, Plaintiffs, the Board of Trustees of the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund, *et al.*, filed a complaint against Defendants River Oaks, Inc. d/b/a River Oaks Toyota/Scion ("River Oaks") and Anthony Cassello, the owner and President of River Oaks, seeking a

1

judgment for unpaid liquidated damages owed as a result of River Oak's failure to timely pay contributions and for the full amount of the withdrawal liability assessment, liquidated damages, interest and attorney's fees owed by Defendants as a result of River Oaks' complete withdrawal pursuant to Section 4301 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1451).

**Background Facts**

Defendant Cassello is the owner of Defendant River Oaks, which operated out of property held in a land trust of which Mr. Cassello was the beneficiary and which rented the property to River Oaks for its operations at all times material herein.(Pls.'56.1,¶14-18).

Defendant River Oaks entered into a Collective Bargaining Agreement with the Automobile Mechanics' Local Union No. 701 on or about August 24, 2009. (Pls.' 56.1, ¶ 1). Through the Collective Bargaining Agreement, River Oaks agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund ("Pension Fund") and the Automobile Mechanics' Local No. 701 Union and Industry Welfare Fund ("Welfare Fund") (collectively "Trust Funds") (hereinafter referred to as the "Trust Agreements"). (Pls.' 56.1, ¶ 2).

Pursuant to the terms of the Trust Agreements, contributing employers that fail to submit payment of contributions by the due date established by a relevant collective bargaining agreement are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus any reasonable attorney's fees and costs of maintaining suit. (Pls.' 56.1, ¶ 5). For the months of March and September 2011, Defendant River Oaks failed to submit its contributions to the Trust Funds in a timely manner. (Pls.' 56.1, ¶ 6). In addition, River Oaks failed to submit its contributions to the Welfare Fund and surcharge to the Pension Fund for the month of August 2012 in a timely manner. (Pls.' 56.1, ¶ 7). As a result, Plaintiffs state that River Oaks owes $2,924.00 in liquidated damages to the Welfare Fund and $1,119.00 in liquidated damages to the Pension Fund. (Pls.' 56.1, ¶ 8), totaling $4,043.00.

"On or about December 27, 2012, River Oaks sold the majority of its assets to Toro Automotive, LLC ("Toro") and ceased making contributions to the Pension Fund." (Pls.' 56.1, ¶ 9). On that date, River Oaks and Toro entered an Asset Purchase Agreement. In preparation for the sale, Mr. Cassello and River Oaks hired, paid and retained the services of Anthony Pope, an attorney licensed to practice law in Illinois, to represent him and River Oaks in the sale of the company's assets, and specifically, to draft the Asset Purchase Agreement. (Defs.'

3

56.1, ¶29). Mr. Cassello was retiring from the automobile dealership business. (Defs.' 56.1, ¶30).

On or about January 8, 2013, Plaintiffs' counsel sent a notice and demand for payment of withdrawal liability in the amount of $745,475.00 to Defendant River Oaks. (Pls.' 56.1, ¶ 10). The notice and demand for payment enclosed a payment schedule in accordance with 29 U.S.C. § 1399, pursuant to which River Oaks was required to make sixty (60) quarterly payments in the amount of $19,501.00 each, followed by a final payment in the amount of $15,633.00 to pay off its withdrawal liability. (Pls.' 56.1, ¶ 11). The first quarterly payment was due on January 15, 2013. (Pls.' 56.1, ¶ 12). Neither River Oaks nor Mr. Cassello initiated arbitration to challenge Plaintiffs' withdrawal liability assessment pursuant to 29 U.S.C.1401.

After Defendant River Oaks failed to make its first quarterly payment on January 15, 2013, the Pension Fund sent Defendant River Oaks a Notice to Cure its Default. (Pls.' 56.1, ¶ 13). Defendant River Oaks has failed to submit payment of any of its quarterly installments. (Pls.' 56.1, ¶ 14).

Defendants admit the above facts.

**Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

In order to successfully oppose a motion for summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586. (1986). Rather, they must come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 587. The nonmoving party must offer more than a mere scintilla of evidence to survive summary judgment, and conclusory allegations are insufficient to defeat a motion for summary judgment. *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F. 3d 620, 628 (7th Cir. 2006).

**Discussion**

Based on the undisputed facts, Plaintiffs seek summary judgment, as a matter of law, in favor of Plaintiffs and against

Defendant River Oaks in the amount of $4,043.00 for unpaid liquidated damages for three months of late payments, and against Defendants River Oaks and Mr. Cassello, jointly and severally, in the amount of $838,907.93, for their failure to pay withdrawal liability.

Defendants argue that there is a genuine issue of material fact in this case as Mr. Pope's failure to include a Section 4204 provision, or equivalent provision, in the Asset Purchase Agreement that specifically transferred withdrawal liability to Toro as part of the sale of River Oak's assets is a mutual mistake which warrants reformation of the Asset Purchase Agreement to include said provision. The Court notes that neither Mr. Pope, nor Toro, are parties to this litigation.

In response to the motion for summary judgment, Defendants state, in their Rule 56.1 Statement of Facts, that they instructed Mr. Pope to transfer all dealership assets and liability to Toro as part of the sale. (Defs.' 56.1, ¶30). Defendants also state that Mr. Pope knew, or should have known, that River Oaks was party to the Collective Bargaining Agreement, and that River Oaks could be potentially liable to Automobile Mechanics' Local No.701 Union and Industry Pension Fund for post-asset sale unfunded liability payments, unless that liability was specifically transferred to Toro in the Asset Purchase Agreement. (Defs.' 56.1, ¶31). Further, they state that

6

Mr. Pope knew, or should have known, that this liability is typically transferred in a "4204 provision," which essentially provides that buyer shall comply with the provisions of Section 4204 of the Employee Retirement Income and Security Act, "ERISA" and that a seller who ceases covered operations under a multiemployer pension plan (such as the Pension Fund), or ceases to have an obligation to contribute for such operations, because of a bona fide, arm's-length sale of assets to an unrelated buyer does not incur withdrawal liability if certain conditions are met. (Defs.' 56.1, ¶32). Plaintiffs deny these facts and reference the lack of any language transferring withdrawal liability to Toro in the Asset Purchase Agreement. (Pls. Resp. to Defs.' 56.1).

Defendants argue that the motion for summary judgment should be denied, because they have raised a genuine issue of material fact which precludes summary judgment: if Mr. Pope had included the Section 4204 provision in the Asset Purchase Agreement, as Mr. Cassello and River Oaks claim they requested, it would eliminate Plaintiffs' basis for bringing this lawsuit. Defendants argue that Mr. Pope's mistake was a mutual mistake of fact, as Mr. Cassello and River Oaks requested that Mr. Pope transfer <u>all</u> dealership assets and liability to Toro as part of the sale, and Mr. Pope agreed to do so. Defendants argue that Mr. Cassello, River Oaks and Mr. Pope all believed that the

Asset Purchase Agreement correctly memorialized their agreement until this lawsuit was filed. Therefore, Defendants argue that Mr. Cassello and River Oaks are entitled to reformation of the Asset Purchase Agreement, which would render this lawsuit moot.

Plaintiffs argue that Defendants River Oaks and Mr. Cassello are responsible for withdrawal liability to the Pension Fund as a result of River Oaks' complete withdrawal on December 27, 2012. Plaintiffs argue that Defendants' claim that there is a question of material fact is without merit, misleading and merely is an attempt to further delay Plaintiffs' right to a judgment in this case. Plaintiffs state that this Court should reject the meritless argument made by Defendants in their Response to Plaintiffs' Motion for Summary Judgment, because: "(1) reformation based on a mutual mistake is a remedy, not a defense; (2) to the extent the court recognizes that the reformation based on a mutual mistake is a proper defense, Defendants failed to properly raise the defense in its pleadings; and (3) reformation based on mutual mistake is wholly inapplicable to the parties of this case." Reply at pp. 2-3.

Illinois courts have long recognized that reformation based on mutual mistake is an equitable remedy. *See Briarcliffe Lakeside Townhouse Owners Association v. Wheaton*, 170 Ill.App.3d 244 (2d Dist. 1988). "Reformation is an available remedy if it is based on a claim of mutual mistake…" *Van Schouwen v.*

*Connaught Corp.*, 782 F. Supp. 1240, 1244 (N.D. Ill. 1991). Here, Defendants attempt to raise reformation based on a mutual mistake as a defense to Plaintiffs' claim for withdrawal liability without supporting caselaw. This argument fails.

Under Illinois law, reformation is an appropriate remedy in the following two situations: (1) "the court may reform a written instrument to reflect the intention of the parties upon proof of clear and convincing evidence of a mutual mistake of fact existing at the time the parties created the instrument" *Carrier Corp. v. Block Steel Corp.*, 1993 WL 243179, *5 (N.D. Ill. June 28, 1993) *citing to Lukas v. Lightfoot*, 131 Ill. App. 3d 566 (5th Dist. 1985); and (2) "the court may reform a written instrument upon proof of a mistake of fact by one party when the other party has knowledge of the mistake but fails to inform or conceals the truth from the mistaken party." *Id.*

Here, rather than attempt to reform a contract between Plaintiffs and Defendants, Defendants are attempting to reform an asset purchase agreement between River Oaks and Toro. It is undisputed that Plaintiffs were not a party to the contract between River Oaks and Toro. Nor is Toro even a party to this case. Moreover, Plaintiff is not attempting to enforce the asset purchase agreement, so there is nothing to reform in relation to this lawsuit. *See Board of Trustees of the University of Illinois v. Insurance Corporation of Ireland, Ltd.*, 969 F.2d

329, 332 (7th Cir. 1992) (defining that the remedy of reformation of a contract should only occur when an instrument as it stands does not properly reflect the true intention of the parties, which implies that the parties to the contract should be the parties involved in the reformation claim). Mutual mistake and reformation of the Asset Purchase Agreement are not an appropriate defense to the claims in this case filed by the Board of Trustees of the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund, *et al.*, against Defendants River Oaks and Mr. Cassello. As Mr. Pope and Toro are not parties to this case, the Court makes no comment on Defendants' potential to receive the remedy of reformation of the Asset Purchase Agreement in litigation where those parties are involved. Accordingly, any argument by Defendants that they are entitled to reformation of the asset purchase agreement is irrelevant to the statutory liability of Defendants to Plaintiff in this case.

Defendants raise no other arguments in support of their position that the Court should deny Plaintiff's motion for summary judgment. Therefore, summary judgment is granted in Plaintiffs' favor. Defendants do not dispute Plaintiffs' calculations of damages.

**Conclusion**

Plaintiffs' motion for Summary Judgment is granted. Summary Judgment is entered in favor of Plaintiffs and against Defendant River Oaks in the amount of $4,043.00 for unpaid liquidated damages, and against Defendants River Oaks and Mr. Cassello, jointly and severally, in the aggregate amount of $838,907.93 as follows:

A. Judgment in the amount of $745,475.00 for withdrawal liability;

B. Judgment in the amount of $74,547.50 for liquidated damages;

C. Judgment in the amount of $12,584.08 for statutory interest at the rate of 3.25% from the date that the withdrawal liability was assessed; and

D. Judgment in the amount of $6,301.35 for Plaintiff's attorney's fees and costs incurred by Plaintiffs pursuant to 29 U.S.C. § 1451(e) and the Pension Fund Trust Agreement.

Date: February 10, 2014    E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT